## TOM HOLLAND v. THE STATE.

### No. 3691. Decided March 13, 1907.

**Local Option—Statutes Construed.**

A party charged with a violation of the local option law could not be prosecuted and convicted under article 5060j, Revised Civil Statutes, for failure to give bond after notice, and thus be amenable to a violation of the local option law in local option territory. Brooks, Judge, dissenting.

Appeal from the County Court of Hunt. Tried below before the Hon. F. M. Newton.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Yates & Carpenter* and *Crawford & Lamar,* for appellant.—The undisputed evidence shows that the intoxicating liquor sold by the defendant was sold as a medicine in the case of actual sickness, upon the prescription of a regular practicing physician, dated and signed by him, and certifying on his honor that he had personally examined the applicant, and found him actually sick and in need of the stimulant prescribed as a medicine, and that such prescription was in all things legal and regular.

*F. J. McCord,* Assistant Attorney-General, and *C. O. Leddy,* County Attorney, for the State.—Now, if the Legislature had the right to require a license, which presupposes the execution of the statutory bond, before a party could claim protection by reason of a prescription, then it necessarily follows that the same Legislature had the right to give a right of action on the bond and provide that when the bond had been sued on for the full amount a new bond should be given and a sale occurring in the interim should be subject to all the pains and penalties as if no bond had been given in the first instance, if he failed to file the

bond within the ten days. Bowman v. State, 38 Texas Crim. Rep., 14; McLain v. State, 64 S. W. Rep., 865; Watson v. State, 57 S. W. Rep., 101.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law. This case is reversed upon the authority of cause No. 3692, Holland v. State, decided on a previous day of this term. The writer of this opinion construes article 5060j of the Revised Civil Statutes to mean that after the notice by the county judge to a party to give a new bond, and he fails to do so, and the party sells whisky after receiving such notice, he can be prosecuted for a sale of the intoxicant in a local option district without having given the requisite bond as held in Robinson v. State, 8 Texas Ct. Rep., 137.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*